No. 21-16706

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

DeJuan Markeiss Hopson,

          Plaintiff–Appellee,

v.

Jacob Alexander, Brandon Grissom,

          Defendants–Appellees.

On Appeal from an Order of the
United States District Court for the District of Arizona
Case No. 2:20-cv-128, Hon. Susan M. Brnovich

**MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*
URGING EN BANC REVIEW ON BEHALF OF
THE NATIONAL POLICE ACCOUNTABILITY PROJECT,
THE AMERICAN CIVIL LIBERTIES UNION OF HAWAI'I, AND
THE AMERICAN CIVIL LIBERTIES UNION OF ARIZONA**

Lauren Bonds
Keisha James
National Police Accountability
  Project
2022 St. Bernard Ave.
Suite 310
New Orleans, LA 70016
(504) 220-0401

Jim Davy
ALL RISE TRIAL & APPELLATE
P.O. Box 15216
Philadelphia, PA 19125
(215) 792-3579
jimdavy@allriselaw.org

Counsel for *Amici Curiae*

Jan. 26, 2022

## MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF

The above-captioned proposed *amici curiae* request leave of the Court to file a brief in support of Appellant and urging en banc rehearing. *See* Fed. R. App. P. 29(b); Local Rule 29-2. The proposed brief addresses the wider and recent context of qualified immunity law in this Court, other Circuits, and the Supreme Court, and helps explain the importance of the legal questions at stake here. The proposed brief is attached to this motion. In support of the Court granting leave, the proposed *amici curiae* state as follows:

1) Counsel for Appellees consents to the proposed *amici curiae* brief.

2) Counsel for Appellant does not consent to the proposed *amici curiae* brief.

3) The National Police Accountability Project was founded in 1999 by members of the National Lawyers Guild to address misconduct by law enforcement officers through coordinating and assisting civil-rights lawyers.

4) NPAP has approximately 550 attorney members practicing in every region of the United States, including over one hundred in

California. Every year, NPAP members litigate the thousands of egregious cases of law enforcement abuse that do not make news headlines as well as the high-profile cases that capture national attention. NPAP provides training and support for these attorneys and resources for non-profit organizations and community groups working on police and correction officer accountability issues.

5) NPAP frequently participates as *amicus curiae* to protect the interests of these communities, both in the Supreme Court and before this Court. Most recently, at this Court, NPAP has participated as an *amicus curiae* in *Coalition on Homelessness v. City and County of San Francisco*, No. 23-15087; *Parker v. County of Riverside*, No. 22055614; *A.B. v. County of San Diego*, No. 20-56140; *Ohlson v. Brady*, No. 20-15656; and *Fenty v. Penzone*, No. 21-71351.

6) The American Civil Liberties Union ("ACLU") of Hawaiʻi and Arizona are non-profit organizations dedicated to furthering the principles of liberty and equality embodied in the United States Constitution and this Nation's civil rights laws. They work to

advance civil rights and liberties in the courts, in legislative and policy arenas, and in the community.

7) The work of the ACLU and its affiliates includes efforts to hold government actors, including the police, accountable for the constitutional violations they commit. As part of these efforts, the ACLU has long fought to reform the doctrine of qualified immunity, which too often shields police officers from accountability.

8) Proposed *amici curiae* and their members have perhaps more experience litigating issues of qualified immunity in federal appellate courts, including this one, than any other members of the plaintiffs' bar.

9) Proposed *amici curiae* have an interest in this case because the panel decision undertakes an unwarranted expansion of qualified immunity doctrine, departing from Supreme Court precedent and other recent precedents of other Circuits. Proposed *amici* have a particular interest in ensuring that civil rights laws that protect people from police misconduct continue to protect them without the obstacle of expanding qualified immunity doctrines.

10) Proposed *amici curiae* seek this Court's permission to submit the attached brief to urge rehearing en banc.

For these reasons, proposed *amici curiae* respectfully request that this Court grant them leave to appear as *amici curiae*, and to file the attached brief for consideration of the Court.

                                              Respectfully submitted,

                                              <u>/s/ Jim Davy</u>
                                              Jim Davy
                                              ALL RISE TRIAL & APPELLATE
                                              P.O. Box 15216
                                              Philadelphia, PA 19125
                                              (215) 792-3579
                                              jimdavy@allriselaw.org

Date: Aug. 8, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Motion for Leave filed by Jim Davy was served upon all counsel of record for parties and *amici*, via CM/ECF, on Aug. 8, 2023. All participants in this case are registered CM/ECF users and will be served electronically via that system.

Respectfully submitted,

/s/ Jim Davy
Jim Davy
ALL RISE TRIAL & APPELLATE
P.O. Box 15216
Philadelphia, PA 19125
(215) 792-3579
jimdavy@allriselaw.org